[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter proceeded on the Petitioner's amended petition for a Writ of Habeas Corpus, dated September 28, 1995 alleging that his loss of credit of ninety (90) days of good time was illegal. The Petitioner lost credit for ninety (90) days of good time because he was found to have participated along with three other individuals in an assault of another inmate. This assault occurred on December 31, 1994.
The Petitioner Floyd Johnson testified that on December 31, CT Page 1632 1994 he woke up about 9:30 a.m. and there was a church call. His roommate was Angel Cancel. He stated he was in the gym at 11 a m. that day. He further testified he was called back to his cell about 12:30 p. m. and accused of assault. He testified that the next day he was given an Incident Report which stated the assault took place at 3:30 p. m. on December 31, 1994.
A disciplinary Report which was introduced into evidence as Exhibit A stated that the incident took place on December 31, 1994 at 3:30 p. m. Said Disciplinary Report was dated January 1, 1994. The Disciplinary Report was signed by Correction Officer K. Cyr and stated that as a result of an investigation being conducted on the assault of inmate Sligor by Lieutenant Melendez the Petitioner was identified as one of the four who assaulted said inmate in east block-2 on December 31, 1994. A Disciplinary Investigation Report was introduced into evidence as Exhibit B and this report stated that the Petitioner denies any involvement in the assault. The Petitioner stated in said Disciplinary Investigation Report that he was playing blackjack with Tillman. In said report James Tillman told the investigator R.E. DeFrancesco that he played blackjack with the Petitioner in the morning and then he (Petitioner) went to work and after that I don't know where he was, I think he went to work in the afternoon.
A Department of Correction form was introduced into evidence as Exhibit C and it stated that the Petitioner was placed in segregation while being investigated for the assault of inmate Sligor.
The Petitioner testified that Angel Cancel and Kenyatta Holloway were charged and plead guilty to the assault on inmate Sligor and that they gave a statement saying that the Petitioner had no knowledge of the assault. The Petitioner testified that Lieutenant Melendez stated the Petitioner forced Messrs. Cancel and Holloway to give a statement saying the Petitioner had no knowledge of said assault. The Petitioner also stated that the Hearing Officer in the matter said the date and time of the assault was wrong but that was a small technicality and he would overlook it. The Petitioner alleges Lieutenant Melendez harassed him and wanted him to admit he belonged to a group called "20 Love".
The Petitioner also alleges that he was not given access to the report or statement of a Confidential Informant's relative to CT Page 1633 this assault nor was he given a written reason why this confidential information was not given to him.
Lieutenant Peter Melendez who was a line lieutenant at the Cheshire Correctional Facility on December 31, 1994 also testified in this case. He stated on December 31, 1994 he conducted an investigation on the assault of inmate Sligor. He stated Mr. Sligor identified the four individuals who assaulted him and one of those he identified was the Petitioner. Lieutenant Melendez testified that another individual also identified the Petitioner as one of those individuals who assault Mr. Sligor. Lieutenant Melendez stated he had to assure this confidential informant that he would not release his name because he feared retribution if he became known.
A hearing was held and as a result the Petitioner was found guilty of the assault on inmate Sligor. He was given fifteen (15) days in punitive segregated confinement, a loss of ninety (90) days of good time, fifteen (15) days confined to quarters and fifteen (15) days loss of recreation. The Petitioner and the State both agreed that the only issue before this court is whether the ninety days loss of good time should be restored to the Petitioner.
The Petitioner requests the following:
1. Restoration of all forfeited statutory good time that he lost relative to the aforementioned assault.
2. That the court order that the aforementioned ticket (assault information) be expunged from the Petitioner's files held by the Department of Correction.
3. Such other legal and equitable relief as the court may deem proper.
The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. The standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . . (Citation omitted). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead the relevant question is whether there is any evidence in the CT Page 1634 record that could support the conclusion reached by the disciplinary board. Superintendent, Massachusetts CorrectionalInstitution at Walpole v. Hill, et al., 472 U.S. 445, 456 (1985).
In this matter there is evidence to support the finding of the hearing officer that the Petitioner was guilty of the assault on inmate Sligor on December 31, 1994. There is such evidence even without considering the statement of the confidential informant, access to which the Petitioner was not given.
After hearing the evidence this court denies the Petitioner's Amended Petition for a Writ of Habeas Corpus for the reasons stated herein.
William J. Sullivan, Judge